## KEVERN v. KEVERN ET AL.

*Equity — Reformation of land contract — Mistake in description of property — Evidence — Parol proof competent, when.*

1. A court of equity will reform, upon the ground of mutual mistake, the description in a land contract to express the intention of the parties at the time of the execution of the same, by correctly describing the width and depth of the property to be conveyed, especially where the description contained in the written contract would not convey the whole of a house situated upon the premises.
2. In an action to reform a land contract, parol proof is competent to establish the mistake of the parties in describing the property to be conveyed.

(Decided November 12, 1917.)

APPEAL: Court of Appeals for Cuyahoga county.

*Mr. Clarence V. Liggett,* for plaintiff.
*Messrs. Kerruish, Kerruish, Hartshorn & Spooner,* for defendants.

LIEGHLEY, J. On April 2, 1910, one William Kevern was the owner of an undivided parcel of land at the southeast corner of East 91st street and Booth avenue, in the city of Cleveland, Ohio. On that day, or shortly before, William Kevern and the plaintiff, John H. Kevern, negotiated for the sale of the southwest portion of said tract, on which was located a house. The portion of said tract about which negotiations were had was not surveyed, but upon reaching an agreement for the sale and purchase of the same, it is testified to by the son of plaintiff, they undertook to step off a sufficient portion thereof, beginning at the southwest corner of

the tract, to include the house and four feet north of the building line. Also it is testified to by the same witness that they then measured the distance by means of a four-foot rule to a point about four feet north of the building line. Proof was offered tending to show that at this time some stone steps projected about three feet north of the building line leading into the house on the north side. The point from which the measurement began is in dispute, but it is undisputed that they intended to measure from the southwest corner of the undivided tract and from thence north the distance required to include the building plus four feet north thereof. The width and depth thought by 'them then to include the parcel intended to be conveyed was determined to be sixty feet in width and one hundred and six feet in depth. A land contract was executed by said William Kevern, then unmarried, to plaintiff for said parcel of land, describing the same as sixty by one hundred and six feet in depth. The whole parcel was one hundred and thirty-two feet on East 91st street and extending back one hundred and forty-six feet.

Said William Kevern died in September, 1911, leaving a widow and minor child, having married subsequent to the execution of said contract. In September, 1912, his widow caused a survey to be made of the parcel of land described in the land contract, and it was then discovered for the first time that the description did not include all the land upon which the house was situated, but that the north line of said house was three inches north of the north line of the sixty by one hundred and six feet described in the land contract.

Said defendant, Barbara Kevern, widow of William Kevern, deceased, then threatened to construct a fence upon the north line, as determined by the survey, and ordered plaintiff to remove the steps and other buildings then located upon the four-foot strip of land north of the north line of said building.

A petition was thereupon filed in the common pleas court by plaintiff, seeking an order restraining the defendants from erecting said fence and from in any manner disturbing the quiet possession of plaintiff of the steps, etc., on the four-foot strip, and his possession of said four-foot strip of land, and further praying the court to correct the description in said land contract so that the same would express the intention of the parties at the time the same was executed by describing correctly the width and depth so as to include all the land intended to be sold and purchased by the parties to the contract. Trial was had in the court below and the trial court granted the relief prayed for, and determined upon the ground of mutual mistake that the size of the lot intended to be conveyed was in fact sixty-four feet by one hundred and six feet in depth. From this judgment the case was appealed to this court for review.

We have reached the conclusion that the description contained in said land contract does not express the intention of the parties thereto. A thorough examination of all the proof in the case, and particularly the circumstances developed thereby, force us to this conclusion. The testimony of Richard Kevern, on behalf of plaintiff, seems to us credible, and evidently influenced the court below in reaching the conclusion that it did. He was present when

William and John by means of pacing and the use of a four-foot rule agreed upon the amount of land that should be included in the land contract, and testified in respect thereto. Both William and John, who were brothers, then entertained a friendly feeling for each other. It is inconceivable to us that John should have intended to buy and William to sell a lot of land with a house partially on it. John never intended to buy nor did William intend to sell this house with three inches thereof located upon another's land. This circumstance, with the testimony of Richard, combined with other circumstances in the case, force us to the irresistible conclusion, unshaken by any other proof in the case, that the real intention of the parties was to purchase and sell a lot sixty-four feet in width and one hundred and six feet in depth. There was undoubtedly a mutual mistake made in making up the description incorporated in the land contract. Under these circumstances, the contract should be reformed. Parol proof is competent to establish such mistake. *Davenport* v. *Widow and Heirs of Sovil,* 6 Ohio St., 459; *Strang* v. *Beach,* 11 Ohio St., 283; *Stites et al.* v. *Wiedner et al.,* 35 Ohio St., 555, and *Gill et al.* v. *Pelkey et al.,* 54 Ohio St., 348.

A decree may be drawn following the decree of the court below.

*Decree for plaintiff.*

GRANT and CARPENTER, JJ., concur.