**HALLER, Plaintiff-Appellee, v. HOLTHOUSE et,
Defendants-Appellants.**

Ohio Appeals, Second District, Montgomery County.

No. 2201. Decided December 19, 1952.

Jacobson & Durst, Daniel Nevins, Dayton, for plaintiff-appellee.

Murr, Murr & Young, Dayton, for defendant-appellant, Blanche Holthouse.

Robert H. Brumbaugh, Dayton, for defendant-appellant, Foster A. Peffly.

**OPINION**

By MILLER, J:

This is a law and fact appeal from the judgment of the Common Pleas Court. The action was instituted on October 13, 1949, when the plaintiff, Lois M. Haller, filed her petition stating that she was the owner and in possession of certain described real estate; that she had acquired title by a deed from Foster A. Peffly dated October 24, 1945, and recorded October 30, 1945.

The petition then alleged that the defendant, Blanche Holthouse, claimed an estate or interest therein adverse to that of the plaintiff, and then prayed that the defendant may be compelled to show her interest and that the same may be adjudged to be null and void and the plaintiff's title be quieted.

To this petition the defendant, Blanche Holthouse, filed an amended answer and cross-petition setting forth facts to show that of the 63 feet of land claimed by the plaintiff in her petition only 12 feet actually belong to said plaintiff; that the plaintiff was only in possession of 12 feet, and when the plaintiff acquired title to said 12 feet she inadvertently and through mutual mistake had a 51 foot strip of land included and described in her deed.

This defendant further alleged that the plaintiff was not the owner of the 51 foot strip of land in question; that said plaintiff had never had possession of said land and that she was not now in possession of said land; that plaintiff's deed described the disputed land by mutual mistake; that the defendant, Blanche Holthouse, had purchased the disputed land from Foster A. Peffly, the common grantor, on February 17, 1949; that her deed to said property was filed of record February 18, 1949, and that at the time of purchasing said land the rents from the building located thereon were adjusted, and possession was given to Blanche Holthouse by the common grantor; that she managed the rental of the building on the disputed land, took complete control of the property, made improvements thereon, used the rent money for her own uses; paid taxes thereon and used said land openly and notoriously as her own to the exclusion of all others including the plaintiff; that plaintiff made no effort to exercise her right to possess said tract until after the death of Joseph Peffly, father

of Foster Peffly, who negotiated the sale of land to both Lois M. Haller and Blanche Holthouse, and who had been the actual owner of said tracts, even though he had title of record in the name of his son, Foster Peffly; Blanche Holthouse prayed for an order of court finding that a mutual mistake had been made in the execution of the deed; that it was not the intention of the grantor in plaintiff's deed to convey the extra 51 feet now in dispute nor was it the intention of the plaintiff to acquire title to said land, and further praying for an order of the court quieting title to the said 51 feet.

Foster A. Peffly was also made a party-defendant who filed an answer and cross-petition setting forth virtually the same facts as those of Blanche Holthouse.

The trial court found that the plaintiff was in the actual possession of the 12 foot strip of land and to which she had legal title and was entitled to the relief sought with reference thereto.

It further found that the plaintiff was not in actual or constructive possession of the remainder of the realty which consisted of 51 feet and, therefore, the prayer of her petition in so far as it related to such remainder should be denied.

On the cross-petitions it found in favor of the plaintiff and against both of said defendants and the cross-petitions were ordered dismissed.

We are in full accord with the judgment of the trial court in the relief granted to the plaintiff on her petition. We cannot concur, however, in the dismissing of the cross-petitions and denying the relief therein sought. We recognize that before a deed may be corrected or reformed because of a mutual mistake of the parties thereto the evidence must establish the same clearly and convincingly. The evidence discloses that the property in question in this case lies just east of Troy Pike and on the south side of Little York Road. Lot 24 lies in the southeast corner of the intersection of the two above mentioned roads, and the quarter of an acre which is mentioned in the description lies immediately to the east of lot 24. On May 11, 1945, the plaintiff herein acquired title to a 60 foot strip of land fronting on the Little York Road. This strip is referred to as a .147 acre tract and it is the most easterly part of the one-quarter acre tract of land. No question is raised as to the ownership of this tract by Mrs. Haller. Foster A. Peffly was the owner in fee simple of the remainder of said quarter acre tract fronting on Little York Road and lying immediately to the west of the 60 foot tract conveyed to Mrs. Haller. Foster A. Peffly was also the owner in fee simple of lot 24. It is conceded that although title was in the name

of Foster A. Peffly the land was actually held by Foster for his father, Joseph Peffly. Joseph Peffly managed the properties and collected the rents without reporting any of the income to his son, and the son would sign deeds whenever requested by his father.

Several months after purchasing the original 60 foot tract Mrs. Haller obtained a deed from Foster A. Peffly to the land which is the subject of this action. The logical interpretation of the description of that deed would be that it conveys the balance of the quarter acre tract plus 12 feet off the east side of lot 24. However, according to the deposition of Almeda Clark who wrote the deed it was not the intention of the parties to convey all of that tract but only 12 feet west of the east line. The purchase price was $300.00. The deed from the Pefflys was dated October 24, 1945, and shortly thereafter the plaintiff constructed a fence around her property which enclosed her original 60 feet plus 12 feet lying immediately to the west of her original 60 feet. She made no attempt to use or take possession of the balance of the land which she now claims she purchased which consisted of 51 feet.

On this 51 foot strip of land is located an old office or garage which at that time was being used as a dwelling, renting for $7.50 per week. After the sale Joseph Peffly continued to collect this rent which was never claimed by this plaintiff. She never made any attempt to control any portion of that land west of the fence, although she stated that the use of the building located in the disputed property was objectionable to her. The 51 foot strip also contained two privies which were objectionable although she made no attempt to exercise any control over them but did complain to the Board of Health about their poor condition.

On February 17, 1949, the defendant, Blanche Holthouse purchased from Foster A. Peffly all of lot 24 and that part of the quarter acre which he still retained, which included the disputed land. The deed to Blanche Holthouse described the property just as the deed by which he acquired title and it does not except the 12 foot strip of land which he had previously intended to convey to Mrs. Haller. Mrs. Holthouse took possession of the 51 foot strip, collected the rents from the building and exercised complete control of the same up until the commencement of this action. Joseph Peffly died on May 31, 1949 and it was soon after this that the plaintiff sent a notice to Mrs. Holthouse demanding possession of the 51 foot strip.

The record reveals further that upon receipt of the deed the plaintiff took the same to the office of the county auditor and

after discussing the contents thereof with the clerk, which it appears was not clear, he made out the division sheet showing that the plaintiff acquired only 12 feet of ground. The scrivener who drew up the deed was inexperienced in such work being a secretary in a law office as well as a notary public. She testified that the land intended to be conveyed was to be a strip of only 12 feet, but it appears that she was mistaken as to the location of the various pieces of real estate involved. The plaintiff attempted to explain the reason for enclosing only 12 feet by saying that on the day following her purchase she consulted a surveyor who was working in the neighborhood who told her that 12 feet was all the deed called for. She relied upon his statement, had him measure off the additional 12 feet and then built the fence. Plaintiff testified that she never complained to Peffly about this alleged defect, which is certainly what an ordinarily prudent person would be expected to do under such circumstances.

Several witnesses testified on behalf of the plaintiff to the effect that Peffly told them he had sold the plaintiff the added footage but this is in direct conflict with his own conduct, it appearing that he rented the garage for a dwelling and collected the rents for some time without any objection from the plaintiff.

It appears to us that the conduct of the parties hereto must be given great weight in determining the ultimate facts; that in so doing we find the evidence in favor of the defendant's cross-petition so overwhelming that we think it is clear and convincing. Our judgment will be for the plaintiff as found by the trial court. On the cross-petition of Foster A. Peffly we find the deed to Lois M. Haller, dated October 24, 1945, should be reformed as prayed for and that title to the same should be quieted in Blanche Holthouse on her cross-petition.

HORNBECK, PJ, WISEMAN, J, concur.