This is an appeal from a judgment of the Erie County Court of Common Pleas, Probate Division, which reformed the deeds to certain real estate parcels owned by appellants, Connie and Eugene "Gene" Simon, and appellees, Diane and Ludwig "Louie" Hornis. For the reasons that follow, this court affirms the judgment of the trial court.
On appeal appellants, Connie and Eugene Simon, set forth the following assignment of error:
 "The Court below failed to require plaintiffs to prove by clear and convincing evidence mutuality of mistake in the reformation of the plaintiffs [sic] and defendants [sic] deeds."
The undisputed facts which are relevant to the issues raised on appeal are as follows. Appellants and appellees are next-door neighbors on Mechanic Street, in Berlin Heights, Ohio. Both the parties' homes were formerly owned by Josephine Merrick. Sometime before 1950, Josephine Merrick and her husband, a veterinarian, purchased five adjacent lots on Mechanic Street, totaling 3.73 acres. The Merricks' home was located on the center lot ("Merricks' lot"), and the other houses were located on adjacent lots to the east and west of the Merricks' lot. One vacant lot was located to the south and behind the other lots, and a narrow vacant lot was wedged between part of the Merricks' lot and the east lot.
Over the years, the Merricks made improvements to their lot by constructing a garage and several other structures to accommodate Dr. Merrick's veterinary practice. However, in so doing, the Merricks paid no attention to the location of the lot lines between the five properties. As a result, portions of the Merricks' garage and driveway extended across the narrow side lot and onto the east lot.[1]
In 1988, after Dr. Merrick died, Mrs. Merrick hired Thomas Reel to survey her property and reconfigure the five lots into three lots, so that one house would sit on each lot. As a result of Reel's survey, the west lot was combined with the adjacent vacant lot, the narrow side lot was eliminated, and the Merricks' lot was increased by.3421 acres, with none of the Merricks' buildings being located on the east lot. Reel placed survey pins in the ground to mark the lines between the three newly established lots.
Later that same year, Josephine Merrick sold the east lot to appellant Connie Simon. The west lot was sold to Robert and Ruth Bostater, appellant Diane Hornis' parents. In 1994, after Josephine Merrick's death, appellees purchased Merricks' lot from her estate. Before appellees purchased the property, Albert Vartorella, a personal friend of Josephine Merrick and a co-executor of her will, showed appellees a copy of the Reel survey and described to them the boundaries of the property.
Shortly after moving in, appellees improved their property by repaving and expanding the driveway, planting flowers and trees, adding on to the garage, and erecting a fence that is six feet high and two hundred feet long. For the next two years, appellees proceeded to maintain the property and mow the grass up to Reel's survey pins, which they believed marked the line between the two properties. However, in 1996, a dispute arose between the parties as to the location of the property line. On March 15, 1996, appellees filed a quiet title action in the Erie County Court of Common Pleas against Vartorella and. Gary Larizza, as co-executors of Josephine Merrick's will. On the same day, appellees filed a similar lawsuit against appellants in the Erie County Court of Common Pleas. On August 6, 1996, in response to the parties' joint request, the trial court ordered the two cases consolidated in the Erie County Probate Court. On October 2, 1997 and October 7, 1997, respectively, appellants and appellees filed motions for summary judgment. On October 9, 1997, the trial court filed a judgment entry in which it summarily denied both parties' motions.
On November 20, 1997, a trial to the court was held, at which testimony was presented by appellants, appellees, Albert Vartorella, and Ruth Bostater, all of whom testified generally as to the understanding of the parties concerning the property line. In addition, Timothy Riley, a surveyor hired by appellants to resurvey their property, based on the descriptions set forth in their deed, testified that half of appellees' driveway and garage and all of the fence encroach on appellants' property.
On April 6, 1998, the trial court filed a judgment entry in which it found that there was a mutual mistake in the legal descriptions of both parties' properties, which appeared not only in the deed from Josephine Merrick to appellants, but also in the deed from Merrick's estate to appellees. Accordingly, the trial court reformed both deeds to conform the legal descriptions therein to the property lines set forth by Reel's survey. The trial court also ordered Merrick's estate to pay appellants the sum of $3,000, and dismissed appellees' individual claims against Vartorella and Larizza. On May 5, 1998, appellants filed a timely notice of appeal.
Appellants assert in their sole assignment of error that the trial court erred by reforming the parties' deeds, because the record does not contain clear and convincing evidence of a mutual mistake as to the location of the parties' respective property lines. Appellants argue in support thereof that there was no "overlap in the deeds" or evidence of a mistake on the part of Josephine Merrick in the Merrick to Simon transfer which satisfies the mutuality requirement in this case.
It is well-established that "[r]eformation of an instrument is an equitable remedy whereby a court modifies the instrument which, due to mutual mistake on the part of the original parties to the instrument, does not evince the actual intention of those parties." Mason v. Swartz (1991), 76 Ohio App.3d 43,50, citing Greenfield v. Aetna Cas. Sur. Co. (1944), 75 Ohio App. 122,128. See also, R.C. 2719.01 and R.C. 2719.02. By reforming the instrument, the trial court causes it "to express the intent of the parties as to the contents thereof." PhoenixConcrete v. Reserve-Creekway (1995), 100 Ohio App.3d 397, 400, citing Delfino v. Paul Davies Chevrolet, Inc. (1965), 2 Ohio St.2d 282,286. The burden is on the party seeking reformation to demonstrate by clear and convincing evidence that a mutual mistake occurred as to what was being conveyed. Mason, supra;Phoenix Concrete, supra. In an action for reformation, the parties' intent may be discovered through the presentation of parol evidence. Mason, supra.
It is undisputed in this case that the Reel survey was performed in 1988, prior to the purchase of Connie Simon's home from Josephine Merrick, and that Merrick hired Reel to reconfigure her five contiguous lots into three lots. It is further undisputed that the legal descriptions of appellants' and appellees' properties were not changed to reflect the boundaries surveyed by Reel, with the result that appellants' property is.3421 acres larger than it was represented on the Reel survey, and appellees' property is smaller by the same.3421 acres. Accordingly, appellees were entitled to seek reformation of their deed, provided that the element of mutual mistake is present. See Mason, supra; Berardi v. Ohio TurnpikeComm. (1965), 1 Ohio App.2d 365.
As to whether a mutual mistake occurred in the Merrick to Simon transfer, Vartorella, Merrick's longtime friend, testified that he showed Reel's survey pins to Connie Simon before she bought the property, and told her the pins marked the property's boundaries. Vartorella also testified that over the next six years appellants relied on Reel's survey pins to mark the line between their property and appellees' property. Ruth Bostater testified that she and her husband rented their house from the Merricks for forty years before buying it in 1988, and that she saw Vartorella and Connie Simon walking the boundaries of the property before Simon purchased it.
Connie Simon testified that she knew the legal description in her deed did not match her understanding of the property's boundaries; however, she never thought she owned any part of appellees' driveway or garage. Connie further testified that she tied a string to the survey pins once in 1988 so that she could plant flowers in a straight line, and once in 1994 to appease Diane Hornis, who was "screaming" that roofers working on appellants' house were driving trucks on appellees' property. Connie stated that she thought the property line went from "the flower bed [next to appellees' driveway] all the way to the back [of the property]." Gene Simon testified that he and Connie had always suspected appellees were encroaching on their property; however, he thought it was the responsibility of appellees' builder to know where the property line was located before building the garage addition or putting up the fence.
As to whether a mutual mistake occurred in the transfer from Merrick's estate to appellees, Vartorella and appellees all testified that appellees saw a copy of the Reel survey and walked the property line marked by Reel's survey pins before they bought the property. Appellees also testified that when they asked appellants for permission to put up a fence thirty inches inside the Reel survey line in 1994, appellants did not mention that they thought the fence would be on their property.
This court has reviewed the entire record which was before the trial court and, upon consideration thereof and the law, finds that the record contains clear and convincing evidence that a mutual mistake appeared not only in the deed from Josephine Merrick to appellants, but also in the deed from Merrick's estate to appellees. Accordingly, the trial court did not err by reforming the parties' deeds to reflect the property lines as surveyed by Reel, and appellants' assignment of error is not well-taken. The judgment of the Erie County Court of Common Pleas, Probate Division, is hereby affirmed. Court costs of these proceedings are assessed to appellants.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
George M. Glasser, J. -------------------- JUDGE
James R. Sherck, J. -------------------- JUDGE
Richard W. Knepper, J. CONCUR. -------------------- JUDGE
[1] The record shows that the Merricks built other structures on their lot, including dog kennels; however, those structures were torn down by appellees in 1994, and their existence is not relevant to this appeal.