OPINION
Appellant, Paul R. Zwaryz, has appealed a decision of the Ashtabula County Court of Common Pleas overruling his cause of action seeking the reformation of a deed. For the following reasons, we uphold the decision of the trial court.
Appellant inherited certain real estate located on Griggs Road in Sheffield Township through the estate of his brother, Harry Zwaryz. This particular property had been deeded originally to Harry Zwaryz from Robert I. Thompson ("Thompson"), in 1962, and recorded in the Ashtabula County records. The deed, duly executed by both grantor and grantee, stated that the starting point of the property was the west line of Lot No. 51, 469 feet south of the centerline of Griggs Road. The deed also stated that the lot contained approximately 13.7 acres, more or less.
Subsequently, in 1967, Thompson conveyed an abutting piece of property to appellees, Ray and Freda Waldron. The starting point of the description of this lot in the deed was identical to the starting point of the property given in the deed to Harry Zwaryz; the west line of Lot No. 51, 469 feet south of the centerline of Griggs Road. Twenty-one years later, in 1988, appellees, Robert and Nancy Wiley, acquired title to a triangular-shaped piece of property next to the Waldron's property. The legal description of the Wiley's property gave the starting point as being along the west line of Lot No. 51, 469 feet south of the centerline of Griggs Road. Thus, the legal descriptions contained in all three deeds were consistent with one another in terms of the key measurement being 469 feet south of the centerline of Griggs Road.
In 1991, appellant inherited the property originally deeded to his brother from Thompson in 1962. After his brother's death, appellant began to suspect that the measurements contained in the deed conveying this property in 1962 were incorrect and not what the parties intended. Hence, on August 16, 1996, appellant filed a complaint for declaratory judgment, action to quiet title, and action to reform the deed in the Ashtabula County Court of Common Pleas. He asserted that there was either a mutual mistake or a scrivener's error in the deed and that the first measurement should have been 369 feet instead of 469 feet. Thus, he believed his parcel was larger than he first thought, while the Waldron's and the Wiley's parcels should be smaller.
The matter proceeded to a bench trial on January 9, 1998. On June 19, 1998, the trial court entered judgment in favor of appellees, finding that there was no scrivener's error and, that even if there was a mutual mistake of fact, both the Waldrons and the Wileys were bona fide purchasers for value and, therefore, would defeat the equitable remedy of reformation.
Appellant timely filed a notice of appeal and has set forth a single assignment of error:
 "The judgment of the trial court denying plaintiff's first cause of action on plaintiff's complaint is not sustained by the evidence and is against the manifest weight of the evidence."
 In his sole assignment of error appellant submits that the trial court's judgment was not sustained by the evidence and was against the manifest weight of the evidence. From a review of appellant's brief on appeal, it is apparent that appellant makes a single manifest weight argument. Thus, we will address appellant's assignment of error as raising that sole issue.
It is well-established that "[r]eformation of an instrument is an equitable remedy whereby a court modifies the instrument which, due to mutual mistake on the part of the original parties to the instrument, does not evince the actual intention of those parties." Mason v. Swartz (1991), 76 Ohio App.3d 43, 50, citingGreenfield v. Aetna Cas. Sur. Co. (1944), 75 Ohio App. 122,128. The burden is on the party seeking reformation to establish by clear and convincing evidence that both parties were mistaken as to what was being conveyed. Mason, at 50; see, also, Stewartv. Gordon (1899), 60 Ohio St. 170, paragraph one of the syllabus. However, the general rule is that an instrument may not be reformed as against a bona fide purchaser for value. Guenther v.Downtown Mercury, Inc. (1958), 105 Ohio App. 125, 129. A bona fide purchaser has been defined as one who takes in good faith, for value, and without actual or constructive notice. See WayneBldg. Loan Co. v. Yarborough (1967), 11 Ohio St.2d 195, 200.
In the case sub judice, appellees presented evidence establishing that all relevant documents indicated that the property line started 469 feet south of Griggs Road. Appellant, however, presented the deposition testimony of Robert I. Thompson, the grantor in the original 1962 transaction. He testified that he recalled taking a steel measuring tape and using a railroad tie to mark the property boundary at a distance of 369 feet from the centerline of Griggs Road, although he admitted that no survey had been performed at that time. He further admitted executing the deed but claims now, over thirty-five years later, that the measurement of 469 feet, which was clearly referred to in the deed, was a mistake. Appellant also produced evidence showing that a railroad tie is implanted in the ground in a vertical fashion on the western border of Lot No. 51, approximately 374 feet south of the centerline of Griggs Road.
In addition to all of the written documentation to support their argument, appellees claimed that the railroad tie was used by a neighbor as a fencepost and that they did not consider the railroad tie to be a boundary marker. Additionally, Ray Waldron had openly been using much of the disputed area as a garden for over thirty years. He testified that he always had the belief that his property was 469 feet deep, as stated in the original and subsequent deeds.
Based upon this evidence, the trial court found that there was no mutual mistake of fact, as that same mistake would have had to have occurred between Thompson and the Waldrons, and between Thompson and the original grantee of the parcel that the Wileys came to own. We agree. The same legal description was found in all relevant deeds. Additionally, if we are to believe Harry Zwaryz made a mistake in the preparation of the deed back in 1962, then why did he execute the document? Why did he not take any action to correct the alleged error in the nearly thirty years that he owned the property prior to his death? These are questions that simply support the trial court's finding that there was no mutual mistake.
Additionally, the trial court found that the Waldrons and the Wileys were bona fide purchasers and, therefore, the equitable remedy of reformation was not available to appellant. Finally, it would be difficult to conclude that this was merely a scrivener's error since the original deed, and all subsequent deeds, recited the same measurement of 469 feet. Accordingly, the trial court's judgment in favor of appellees is supported by the evidence.
We agree with the trial court's well-reasoned opinion. First, appellant simply did not overcome his burden of defeating the plain language contained in the original deed, and all subsequent relevant deeds, with clear and convincing evidence of a mutual mistake of fact. Moreover, even if he had, it is clear that the Waldrons and the Wileys were bona fide purchasers for value. As previously mentioned, a bona fide purchaser is one who takes in good faith, for value, and without actual or constructive notice. He is bound by an encumbrance upon the land only if he has actual or constructive knowledge of the encumbrance. Tillerv. Hinton (1985), 19 Ohio St.3d 66, 68. A court of equity should not use the equitable remedy of reformation when it will prejudice the rights of a bona fide purchaser. Guenther, supra, at 129. Thus, the trial court properly denied appellant's request for reformation of the deed. Also, the trial court's finding that there was no scrivener's error is amply supported by the evidence. It is extremely unlikely that the exact same error occurred in at least three different deeds.
Based upon the foregoing analysis, the judgment of the trial court was not against the manifest weight of the evidence. Appellant's sole assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
JUDGE WILLIAM M. O'NEILL
FORD, P.J.,
CHRISTLEY, J., concur.