OPINION
{¶ 1} Defendants-appellants Michael and Gayann Homsher ("the Homshers") bring this appeal from the declaratory judgment entered by the Court of Common Pleas of Hancock County granting declaratory judgment to plaintiffs-appellees Douglas and Shirley Harrold ("the Harrolds") ordering reformation of the deeds by and through which the parties claim title respectively to their adjoining parcels of real estate.
 {¶ 2} On July 10, 1980, Terrill and Joann O'Brien ("the O'Briens"), owners of a parcel of land containing approximately 15 acres located on C.R. 302 in Delaware Township, Hancock County, conveyed their house along with three acres of land to Lawrence and Peggy Chaney ("the Chaneys"). They reserved a ten-foot wide easement for ingress and egress to the land they retained and granted an adjoining reciprocal ten-foot wide easement over the retained land for ingress and egress by the Chaneys. A survey was obtained to define the easement and the description provided by the surveyor was included in the Chaneys' deed. The O'Briens then built a new house on the acreage they retained.
 {¶ 3} Before the easement survey was made and conveyance of the three acres to the Chaneys occurred, an existing, curved gravel driveway served as the ingress and egress to the property. The O'Briens wanted the center of the gravel driveway to be the boundary line for the property. However, the surveyor evidently made a mistake and the boundaries of the easement to do not conform to the driveway.[1] As a result, the driveway does not lie within the boundaries of the easement as surveyed and described in the Chaneys' deed. This fact apparently went unnoticed by the O'Briens and the Chaneys who thereafter used the existing driveway to reach their homes. No new driveway was built within the easement as described and no dispute arose over the property boundaries.
 {¶ 4} On September 6, 1984, the Chaneys deeded their three acres to the Harrolds, subject to the easement as described in the deed from the O'Briens to the Chaneys. In 1987, the O'Briens sold their property to Miriam Heistand and her husband ("the Heistands"). On July 3, 1997, the Heistands then sold to the Harrolds one acre of their property which abutted that of the Harrolds. The remaining eleven acres was conveyed to the Homshers, subject to the retained and reciprocal easements.
 {¶ 5} In September 1997, the Harrolds began to construct a pond on their four acres of property. The Homshers believed the pond encroached on the easement area and that the elevation changes by the pond construction caused additional water to run onto the Homshers' property. Thus, a boundary dispute arose between the Homshers and the Harrolds. The Homshers claimed the ten-foot easement as described in the deed gave them the right to use that area uninterrupted by obstacles constructed within it. Apparently the Homshers claimed the existing driveway in its entirety and told the Harrolds that they could no longer use it since they had breached the easement. The Harrolds claimed that the property line was defined by the centerline of the existing driveway and that the easement thus extended ten feet in both directions from the center.
 {¶ 6} On May 6, 1999, the Harrolds filed a complaint requesting 1) declaratory judgment that an easement to the driveway was necessary; 2) reformation of the deeds to comply with the intentions of the parties when the property was purchased; and 3) an order permanently enjoining the Homshers from preventing the Harrolds from using the driveway. The Harrolds also sought attorney fees and expenses. The Homshers filed an answer and a counterclaim on June 7, 1999. The answer denied the allegations in the complaint and set forth the affirmative defense of failure to state a claim upon which relief can be granted. The counterclaim alleged that the construction of the pond by the Harrolds resulted in damages to the Homshers' property and requested an order requiring the Harrolds to restore the Homshers' property to the condition it was in prior to the construction of the pond. The Harrolds denied the allegations in the counterclaim on June 29, 1999, and moved for its dismissal.
 {¶ 7} On March 9, 2000, July 20, 2000, and July 31, 2000, a bench trial was held. Both sides presented evidence, including depositions of prior owners, and made arguments. During closing arguments, counsel for the Homshers claimed that the Homshers were bona fide purchasers for value. This claim had not previously been raised by pleading or otherwise during the proceedings. At the conclusion of the trial, the Homshers' counterclaim for money damages was dismissed and the remaining issues were taken under advisement. On November 2, 2000, the trial court announced its findings, and upon timely motion filed its findings of fact and conclusions of law on August 28, 2001. The judgment entry reforming the deed and granting an easement of necessity was filed on January 24, 2002. The trial court also ordered that any future disputes concerning maintenance of the shared driveway would be arbitrated by the county engineer's office. It is from this judgment that the Homshers appeal raising the following three assignments of error.
 {¶ 8} "The trial court erred in granting reformation of [the Harrolds'] deed when [the Homshers] were bona fide purchasers of their land for value without notice of any claimed errors or equities."
 {¶ 9} "The trial court erred in granting reformation of [the Homshers' and the Harrolds'] deeds when such action was barred by the statute of limitations, [R.C. 2305.14]."
 {¶ 10} "The trial court erred in ordering the parties to be bound by an arbitrator appointed by the court, subjecting the parties to penalties for decisions involving their land; unreasonably depriving [the Homshers] of control of their property; and effectively denying them due process regarding the maintenance and repair of the gravel drive."
 {¶ 11} "Reformation of an instrument is an equitable remedy whereby the court modifies the instrument which, due to mutual mistake on the part of the original parties to the instrument, does not evince the actual intention of those parties." Mason v. Swartz (1991), 76 Ohio App.3d 43, 50, 600 N.E.2d 1121. "In order to correct the description of a deed on the ground of mutual mistake, the proof that both parties were mistaken as to what was being conveyed must be shown by clear and convincing evidence. Id. Equity permits the reformation of deeds between parties that were in privity to the original parties. Id.
 {¶ 12} In the first assignment of error, the Homshers claim that the trial court should have found them to be bona fide purchasers. A bona fide purchaser is defined as "one who acquires the apparent legal title to property in good faith for a valuable consideration and without notice of a claim or interest of a third person under the common source of title." Barron's Law Dictionary (3 Ed. 1991), 52. A claim of bona fide purchaser status is an avoidance of claims, which means that it is an affirmative defense that must be pled. Civ.R. 8(C). We note that the first time this defense was raised was during closing arguments. At no point did counsel request to amend pleadings to include the defense. Thus, the trial court could have considered the defense to have been waived. However, the trial court considered the defense and ruled on it, so we will address it as well.
 {¶ 13} Evidence at trial disclosed that the O'Briens intended to convey to the Chaneys the right to use the driveway by reserving to themselves and granting to the Chaneys reciprocal easements for ingress and egress. It is clear from the evidence that the original buyer and seller intended the centerline of the easement to follow the centerline of the existing driveway and instructed the surveyor to include one-half the width of the driveway in the parcel to be sold and to be described in the deed to be delivered. Because of the surveyor's error, the property line set off to the Chaneys did not include the existing driveway and the easement described did not represent the actual location of the easement contemplated by the parties. The O'Briens and the Chaneys did not know of the surveyors error and therefore treated the driveway as if the portion intended to be transferred had been included in the conveyance to the Chaneys.
 {¶ 14} When the O'Briens sold their parcel to the Heistands, the Heistands understood the property line with the Chaneys to be the centerline of the driveway. The Chaneys sold their parcel to the Harrolds with the same understanding. At trial Mrs. Heistand testified that she believed she had told the realtor who listed the property for sale that the property boundary was the centerline of the driveway, although she could not recall specifically that she had told that information to the Homshers. She was sure, however, that she had not told them the property to be sold included any land lying across the driveway from her lot.
 {¶ 15} The evidence also showed that first the Chaneys and then the Harrolds performed all the landscaping and maintenance of the driveway and the property on their side of the driveway. No one, including the Homshers, objected to their doing so.
 {¶ 16} Based upon the foregoing, the trial court found that the Homshers had either actual knowledge of or should have known of the true boundary from the physical arrangement of the properties and from the statements and actions of others. Specifically, the trial court made the following findings.
 {¶ 17} "Now in reviewing all of the evidence and trying to determine if in fact the Homshers can qualify as a bona fide purchaser without notice, the Court is called upon to look upon the direct evidence, the circumstantial evidence. Look at the property itself, all the facts and circumstances surrounding that to reach a conclusion as to whether or not they knew or should — had reason to believe or not know.
 {¶ 18} "In my view, there is clearly evidence to indicate that they had some knowledge of the circumstances. And if they didn't, they certainly should have known based upon a simple examination of this property. In my view, no one could conclude, based upon a review of this, that they would somehow own two small pieces of land north of this roadway. Just not seem logical or reasonable. Further, it certainly isn't logical or reasonable they would assume they would have control over a driveway whereby they could deny another landowner access to their land and property.
 {¶ 19} "In my view, they're not entitled defense as bona fide purchasers." Tr. 11/2/2000, 13-14.
 {¶ 20} The trial court is the finder of fact in a bench trial, and that court's factual findings will not be disturbed on appeal absent a showing of abuse of discretion. Clark v. Smith (1998), 130 Ohio App.3d 648,720 N.E.2d 973. Since there is evidence before the trial court to support its findings, no abuse of discretion is found. The first assignment of error is overruled.
 {¶ 21} In the second assignment of error, the Homshers claim that the trial court erred by not dismissing the claim because more than ten years had passed since the original deeds were drawn. An action for relief not specifically limited elsewhere shall be brought within ten years of its accrual. R.C. 2305.14. A statute of limitations is an affirmative defense that must either be pled and proven at trial or it is waived. Civ.R. 8(C). In this case, trial counsel for the Homshers did not raise the defense of statute of limitations in the trial court.[2]
Since the issue was not raised before the trial court, it cannot be raised for the first time before this court. State v. Awan (1986),22 Ohio St.3d 120, 489 N.E.2d 277. Thus, the second assignment of error is overruled.
 {¶ 22} The third assignment of error questions the propriety of the trial court's order of arbitration for all future disputes. Specifically, the trial court made the following order.
 {¶ 23} "The Plaintiffs and the Defendants, and their respective successors and assigns shall share equally the expense of regular and reasonable maintenance of the gravel driveway. In the event that the parties and their successors and assigns are unable to agree on the necessity of repairs and/or maintenance of the gravel driveway or the sharing of such expense, the parties and their successors and assigns shall submit their respective positions to the Hancock County, Ohio Engineer, who shall arbitrate any disputes. If the County Engineer agrees with the position of one side to the complete rejection of the position of the other side, then the position adopted by the County Engineer shall be carried out, and the party whose position was rejected by the County Engineer shall bear the entire cost of the maintenance and/or repair then under consideration, and in addition thereto, shall pay to the county Engineer any reasonable fee charged by the County Engineer for invoking his services, together with the expenses of the County Engineer. However, in the event that the County Engineer adopts in part certain particulars of the position advanced by each party, then the cost of the repair or maintenance determined by the County Engineer shall be shared equally by the Plaintiffs and the Defendants, or by their respective successors and assigns. Any decision made by the County Engineer as to the necessity of repairs and/or maintenance of the gravel driveway, or to the allocation of payment of his fee or expenses shall be binding upon the parties subject to review by the Court. The County Engineer shall promptly file a report of his findings with the Court, and shall set forth his fees and expenses, which shall be taxed as costs if necessary." Judgment Entry, 4-5.
 {¶ 24} The Homshers argue that the trial court exceeded its authority by ordering binding arbitration of any future disputes. The Harrolds do not disagree that the trial court exceeded its authority. Arbitration is governed by R.C. 2711.01 et seq. None of the provisions of the statute authorize the trial court to order binding arbitration to resolve disputes absent an agreement by the parties. Without such an agreement, the parties have the right to determine the proper venue for resolving any disputes that arise. If they wish, they may choose to arbitrate. However, they also have the constitutional right to file a civil action in the court. The trial court cannot arbitrarily deny the parties this right. Thus, the third assignment of error is sustained.
 {¶ 25} The judgment of the Court of Common Pleas of Hancock County is affirmed in part and reversed in part. The cause is remanded for further proceedings.
Judgment affirmed in part, reversed in part and cause remanded.
SHAW, P.J., and HADLEY, J., concur.
[1] The surveyor testified at trial that his survey did not conform to the intentions of the parties as he remembers them.
[2] The Homshers claimed to be bona fide purchasers for value in the closing argument. However, no mention was made of a statute of limitations. The only argument made against reformation was that it was a mistake that could have been corrected earlier and was not, so it would not be equitable to correct it now.