DECISION AND JUDGMENT ENTRY
The sole issue in this accelerated appeal is whether the Lucas County Court of Common Pleas erred in granting summary judgment to appellees, St. Vincent Medical Center ("St. Vincent"), now known as St. Vincent Mercy Medical Center, and St. Charles Mercy Hospital ("St. Charles"), on appellants' claim of discriminatory discharge, as set forth in R.C.4112.02(A).
In 1995, St. Vincent merged with Mercy Hospital and St. Charles, forming the Mercy Health Care System. At that time, each of the appellees in this case retained separate psychiatric facilities that included chemical dependency services. In October 1995, the individual who held a part-time position as Medical Director of Chemical Dependency Services ("Director") at St. Vincent retired. At that point, Linda Heineman, who was then the Administrative Director For Psychiatric and Chemical Dependency Services, "re-worked" the position, making it full-time, rather than part-time, and began actively seeking a physician to fill that position.
In May 1996, St. Vincent offered the position of Director to appellant, Mahmoud N. Musa, M.D. On August 8, 1996, Dr. Musa entered into a contract of employment as the Director. The contract did not contain any definite term of employment.
Prior to assuming the directorship on October 1, 1996, Dr. Musa learned from Heineman that the psychiatric, i.e., behavioral health, departments of St. Vincent and St. Charles were being consolidated and moved to St. Charles. Dr. Musa agreed to honor his contract. In December 1996, the consolidation occurred; Dr. Musa signed a contract with St. Charles in July 1997. His job description and the terms of the contract did not vary from those of the prior contract with St. Vincent. Nevertheless, on October 21, 1997, Carol Whittaker, Vice-President of St. Charles, and Heineman met with Dr. Musa and told him that the Director's position was being eliminated due to budget constraints and that he would be offered a contract as a part-time consulting physician. Dr. Musa declined that offer. Two other physicians already working in the same department as Dr. Musa assumed his responsibilities. A total of eleven persons, including Dr. Musa, lost their jobs at the same time.
On December 23, 1997, Dr. Musa filed a complaint containing several claims against appellees, including fraudulent inducement, negligent misrepresentation, promissory estoppel, implied contract and breach of contract. By amended complaint, Dr. Musa added his claim of discriminatory discharge, as defined in R.C. 4112.02(A). Dr. Musa is a Palestinian and contended that he was discharged because of his national origin. Appellees then filed their motion for summary judgment on all claims and Dr. Musa filed a memorandum in opposition. However, prior to any decision on this motion, Dr. Musa voluntarily dismissed, without prejudice, all claims against appellees.
In October 1999, Dr. Musa and his spouse, Waffa Musa, timely filed a new complaint that added a loss of consortium claim to those alleged in the prior action. Notably, the discriminatory discharge claim was not asserted in this complaint. Nonetheless, appellees requested, and the trial court directed, that all papers filed in the previous cause be transferred to the instant case. Appellees incorporated their motion for summary judgment from the prior case into a supplemental motion for summary judgment arguing the loss of consortium claim only. A memorandum in opposition to the motion, as well as a reply and surreply were also filed. The contentions raised in these various documents related not only to the claims alleged in the complaint in the present action but also to the claim brought pursuant to R.C. 4112.02(A).
On September 1, 2000, the trial court granted appellees' summary judgment motion on all of appellants' claims. With regard to the claim brought pursuant to R.C. 4112.02(A), the court found that Dr. Musa's position as Director was eliminated for financial reasons and that the record was void of any evidence that national origin played a part in that decision.
On appeal of that judgment, appellants assert:
 "WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACT IN THE CASE.[sic]"
 "WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BY MAKING CREDIBILITY DETERMINATIONS FROM THE TESTIMONY AND EVIDENCE.[sic]"
Prior to any discussion of the merits of appellants' assignments of error, we must first address an issue raised by appellees. In their brief, the hospitals contend that appellants failed to plead a discriminatory discharge claim in the complaint in this case. Therefore, appellees argue that said claim cannot be used as the basis for the instant appeal.
Initially, we find that all papers, including the pleadings, from the dismissed case were transferred to the present case without objection. Thus, the claim made pursuant to R.C. 4112.02(A) was before the trial court. Second, the parties tried appellants' claim of discriminatory discharge by means of implied consent.
Civ.R. 15(B) provides in relevant part:
 "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues." (Emphasis added.)
Here, the issue of discriminatory discharge was included by appellees in their motion for summary judgment, argued by both appellants and appellees and addressed by the trial court in its decision. Therefore, we are of the opinion that the claim made pursuant to R.C. 4112.02(A) was tried by implied consent and assertions of error relevant to that claim can be considered by this court on appeal. See Marquard v. Meadows
(Dec. 16, 1999), Cuyahoga App. No. 75243, unreported, citing Civ.R. 15(B); State ex rel. Evans v. Bainbridge Twp. Trustees (1983),5 Ohio St.3d 41; Mason v. Swartz (1991), 76 Ohio App.3d 43.
Turning now to the merits of the instant appeal, our review of a grant of summary judgment is de novo. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. Under Civ.R. 56(C), a motion for summary judgment is properly granted if the court, upon viewing the evidence in the light most favorable to the party against whom the motion is made, determines that: (1) there are no genuine issues as to any material facts; (2) the movant is entitled to a judgment as a matter of law; and (3) the evidence is such that reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party. Templev. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
When a party moves for summary judgment, that party bears the initial burden of demonstrating that no genuine issue of material fact exists concerning an essential element of the nonmoving party's case. Dresherv. Burt (1996), 75 Ohio St.3d 280, 292. The moving party's motion for summary judgment must be supported by those parts of the record, for example, depositions and affidavits, that show that the nonmoving party has no evidence to support its claims. Id. at 293. If the moving party carries its initial burden, then the nonmoving party must rebut with specific facts showing that a triable issue of material fact does exist.Id. The key to the grant of a summary judgment motion is that there must be no genuine issue as to a material fact. Material facts are determined by substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242,247-248; Perez v. Scripps-Howard Broadcasting (1988), 35 Ohio St.3d 215.
The substantive law governing this case is found in R.C. 4112.02, which provides, in relevant part:
"It shall be an unlawful discriminatory practice:
 "(A) For any employer, because of the * * * national origin * * * of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."
To prevail in an employment discrimination case, a plaintiff must prove discriminatory intent. Mauzy v. Kelly Services, Inc. (1996),75 Ohio St.3d 578, 583. A litigant may use either the direct or the indirect method of proof. Byrnes v. LCI Communication Holdings Co. (1996), 77 Ohio St.3d 125, 128-129. Ohio courts apply these methods in accordance with federal law. Barker v. Scovill, Inc. (1983),6 Ohio St.3d 146, 147.
Under the direct method of proof, a plaintiff may establish a case of discrimination by presenting evidence, of any nature, to show that an employer more likely than not was motivated by discriminatory intent.Mauzy v. Kelly Services, Inc., 75 Ohio St.3d at paragraph one of the syllabus. A causal link or nexus between the discriminatory statements or conduct and the prohibited act of discrimination must be established by the plaintiff. Byrnes v. LCI Communication Holdings Co.,77 Ohio St.3d at 129.
In the case under consideration, appellants failed to offer any direct evidence of discriminatory intent on the part of appellees. Rather, they sought to establish Dr. Musa's claim under the indirect method of proof. In utilizing that method, appellants were required to produce some evidence showing: (1) that Dr. Musa is a member of a statutorily protected class; (2) that he was discharged; (3) that he was qualified for the position; and (4) that he was treated differently than "similarly situated" employees that are not members of the class. Mitchell v.Toledo Hosp., (C.A.6, 1992), 964 F.2d 577, 582-583; Brewer v. ClevelandBd. of Edn. (1997), 122 Ohio App.3d 378, 385. See, also, Byrnes, supra, at 128.
Once appellants set forth a prima facie case of discrimination, the burden shifted to appellees to rebut the presumption of discrimination by producing evidence that St. Charles' actions regarding Dr. Musa were based on legitimate nondiscriminatory reasons. Sivarajan v. Nationwide LifeIns. Co. (June 16, 1998), Franklin App. No. 97APE10-1426, unreported, citing Texas Dept. of Community Affairs v. Burdine (1981), 450 U.S. 248,254-255. If appellees were successful, appellants needed to show that the rationale set forth by appellees was only a pretext for unlawful discrimination. Barker v. Scovill, Inc., 6 Ohio St.3d at paragraph one of the syllabus. The ultimate burden of persuasion remained at all times with appellants. Sivarajan v. Nationwide Life Ins. Co., supra (Citations omitted.).
There is no dispute in this case as to whether appellants offered evidence showing compliance with the first three prongs needed to establish a prima facie case of discriminatory intent. However, in its judgment, the trial court held that "the record indicates that positions held by similarly situated Caucasian employees were also eliminated." Thus, in their first assignment of error, appellants contend that a genuine issue of material fact exists on the fourth prong of the indirect method used to determine discriminatory intent. Specifically, appellants argue that the trial court erred in comparing treatment of the other ten persons, who were all "Americans," terminated from their employment at the same time as Dr. Musa. Appellants argue that the only "similarly situated" individuals were the two "American" physicians who were retained to take over the Director's duties. We agree.
There was some evidence in the record of this case that Dr. Musa was the only physician whose position was eliminated. If so, the treatment of Dr. Musa by appellees must be compared to the two physicians. Nonetheless, and assuming that the trial court's finding is incorrect, the finding is harmless error because no substantial right of either party is affected. Civ.R. 61; Leichtamer v. American Motors Corp. (1981),67 Ohio St.2d 456. That is, even if we conclude appellants offered facts to create a triable issue with regard to a prima facie case of discriminatory intent, no question of material fact exists as to whether Dr. Musa's position was eliminated for any reason other than a legitimate nondiscriminatory reason. Accordingly, appellant's first assignment of error is found not well-taken.
Appellant's second assignment of error addresses the issue that is dispositive of this case. Appellants assert that the trial court erred in finding that "[a] review of the record indicates that the position held by Dr. Musa was eliminated for financial reasons." Appellants maintain that the trial court impermissibly determined the credibility of the witnesses in reaching this conclusion. See Bridges v. Butch (1997),122 Ohio App.3d 572, 580 (A court cannot pass upon the credibility of witnesses or weigh the evidence on a motion for summary judgment). (Citations omitted.)
As stated previously, once a plaintiff establishes a prima facie case, a presumption of discrimination is raised. A defendant is then required to produce evidence of a legitimate, nondiscriminatory reason for the plaintiff's discharge, in this case, the elimination of Dr. Musa's position. According to the undisputed deposition testimony and affidavit of Linda Heineman, she, along with her management team created a proposed 1998 budget for Psychiatric and Chemical Dependency Services in August 1997. That budget was rejected and Heineman was told by her Vice-President "to provide a plan for reducing the budget by reducing the full time equivalent employees." Due to the fact that physicians are one of the most costly expenses in a behavioral health department, Heineman evaluated all three physicians working in the department. She looked at the revenue generated by each physician, the cost, the services delivered and the ease of covering each physician's position if it was eliminated. Based on these factors, Heineman determined that Dr. Musa's position was the least viable.
In her affidavit, Heineman averred that the doctor's position was eliminated as part of an overall budget cut and that it was not in any way motivated by Dr. Musa's national origin. This undisputed testimonial evidence was sufficient to show the lack of a triable issue on the question of whether the action taken in eliminating Dr. Musa's position was based on a legitimate nondiscriminatory financial reason. It was then appellants' burden to produce evidence demonstrating that this reason was a pretext. They did not do so. Thus, the trial court did not reach its finding by determining the credibility of the witnesses. Furthermore, because appellants failed to offer facts to create a genuine issue of material fact on this question, the trial court did not err in granting summary judgment to appellees as a matter of law. Appellants' second assignment of error is found not well-taken.
On consideration whereof, this court finds that substantial justice was done the parties complaining, and the judgment of the Lucas County Court of Common Pleas County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal.
 _____________________ Peter M. Handwork, J.
Melvin L. Resnick, J. and James R. Sherck, J. CONCUR.