DECISION. *Page 2 
{¶ 1} This case presents the question whether the trial court properly reformed a deed, and whether that deed could be enforced against a third party.
 Jack Knock Sells to the Ruehmers and to the Hubers {¶ 2} Jack Knock had owned several hundred acres of land. In September 2003, Helen Ruehmer purchased 36 acres of this land from Knock. Daniel and Teresa Huber also purchased some of Knock's property — one parcel in 1992 and another in October 2003. An old farm road ran over some of the Hubers' second parcel and continued toward Helen Ruehmer's land. In the deed conveying the 36 acres from Jack Knock to Helen Ruehmer, there was not a specific reference to an access easement over the old farm road. But Helen Ruehmer and Jack Knock both agreed that it had been their intention at the time of the sale to include such an easement in the deed.
 {¶ 3} To rectify this problem, and after it had appeared that there would be problems with the Hubers over whether an easement existed, Helen Ruehmer deeded the 36 acres to Jack and Barbara Knock. The Knocks, in turn, deeded it back to Helen Ruehmer in five separate parcels. Each of these five deeds included specific language that each parcel benefited from an access easement over the old farm road.
 {¶ 4} The Hubers then sued the Ruehmers and the Knocks, claiming that no access easement to the 36 acres or to the five separate parcels existed, and requesting a declaration from the court that no one had a right to enter the Hubers' property to obtain access to this land. All parties filed for summary judgment. The trial court ruled in favor of the Ruehmers and the Knocks, holding that the original 2003 deed could be reformed based on a mutual mistake to reflect that the parcel benefited from an access easement. *Page 3 
The court also held that the Ruehmers had established that an implied easement existed. In one assignment of error, the Hubers now contend that the trial court erred by entering judgment in favor of the Knocks and the Ruehmers. We affirm, though not exactly on the same grounds.
 Standard of Review {¶ 5} Our standard of review is de novo.[1] Under Civ. R. 56, summary judgment is proper when "(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."[2]
 The Trial Court Properly Reformed the Original Deed {¶ 6} Reformation is an equitable remedy that allows a court to change the language in a contract where the parties' true intentions have not been expressed due to a "mutual mistake" — meaning a common mistake by all the parties to the contract.[3] A deed, in particular, may be reformed where words have been excluded from the deed that have resulted in the transfer of a greater or smaller estate than intended.[4] The party wishing to reform the deed must demonstrate the "mutual mistake" by clear and convincing evidence.[5] Clear and convincing evidence is the degree of proof necessary "to *Page 4 
produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."[6]
 {¶ 7} Here, the Knocks and the Ruehmers met their burden. Jack Knock submitted affidavits and sworn deposition testimony to the effect that, when he sold the 36 acres to Helen Ruehmer in 2003, he had intended to convey the benefit of an access easement over the old farm road. And Helen Ruehmer submitted an affidavit stating that it had been her understanding at the time she purchased the land from Knock that the 36-acre parcel was to benefit from this access easement.
 {¶ 8} The Hubers attempted to attack the credibility of the Knocks and the Ruehmers, but their arguments and supporting documentation did not directly contradict the evidence that the parties to the contract had produced, nor was the Hubers' evidence sufficient to create a question of fact concerning this issue. Viewing the evidence in a light most favorable to the Hubers, we hold that it was beyond dispute that the parties to the sale had intended that the 36 acres benefit from access to the old farm road. The trial court, therefore, properly found that the deed could be reformed.
 The Hubers Are Not So Innocent {¶ 9} The Hubers next claim that even if there had been a "mutual mistake," the reformed deed could not be enforced against them. They are incorrect.
 {¶ 10} A reformed deed can not be enforced against a bona fide purchaser for value — i.e., an innocent third party — to that party's prejudice.[7] The burden is on the one seeking reformation to demonstrate that the third party had notice of the matters in the *Page 5 
reformed deed and therefore could not rightfully claim injury.[8] The Knocks and the Ruehmers met this burden as well.
 {¶ 11} The Hubers assert that they had been unaware that an access easement existed, and that they never would have purchased their second tract of land in 2003 had they known about it. But the Hubers' position is somewhat disingenuous, given the record before us. Daniel Huber admitted in his deposition that, until 2006, he had always believed that the 36-acre tract of land benefited from access to the old farm road. Huber also admitted that he knew that the old farm road had been used by the other 9-to-12 homeowners in the area who had purchased land from Knock. Finally, the photographs filed with Daniel Huber's deposition further supported the Ruehmers' and the Knocks' position that the Hubers had notice of an easement. This is a view of the old farm road — which continued to the 36 acres, with the Hubers' driveway on the right.
 {¶ 12} Given the overwhelming evidence that the Hubers were aware of the easement prior to the reformation, we find no error in the trial court's decision to enforce *Page 6 
the reformed deed against the Hubers. We note that the trial court erred, however, when it found that an easement was conveyed by deed and that an implied easement also existed. Express and implied easements are mutually exclusive.[9] Since we have determined that an express easement existed, our analysis of the easement issue ends here.
 There is No Subdivision Issue {¶ 13} The Hubers make a final claim that the trial court incorrectly ruled that the 36 acres could be subdivided. The trial court did not make this ruling. It decided only whether the 2003 deed could be reformed. The Hubers did not plead a claim relating to subdivision in their complaint, and the trial court never ruled on it. This issue is therefore beyond the scope of the Hubers' appeal, and we do not address it.[10]
 {¶ 14} In sum, we overrule the Hubers' sole assignment of error and affirm the judgment of the trial court reforming the 2003 deed.
Judgment affirmed.
SUNDERMANN, P.J., and PAINTER, J., concur.
[1] Comer v. Risko, 106 Ohio St.3d 185, 2005-Ohio-4559,833 N.E.2d 712, ¶ 8.
[2] Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327,364 N.E.2d 267; see, also, Civ. R. 56(C).
[3] See Wagner v. Natl. Fire Ins. Co. (1937), 132 Ohio St. 405, 412,8 N.E.2d 144; Weiner v. Kopp (June 25, 1997), 1st Dist. No. C-960611;Joseph v. Dever (Aug. 20, 1986), 1st Dist. No. C-840628.
[4] See Stewart v. Gordon (1899), 60 Ohio St. 170, 53 N.E. 797;Frate v. Rimenik (1926), 115 Ohio St. 11, 152 N.E. 14.
[5] Stewart at paragraph one of the syllabus.
[6] Cross v. Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus; see, also, In re Haynes (1986),25 Ohio St.3d 101, 104, 495 N.E.2d 23.
[7] See Spitzer v. Dever (1967), 11 Ohio App.2d 6, 9, 227 N.E.2d 660;Guenther v. Downtown Mercury, Inc. (1958), 105 Ohio App. 125, 129,151 N.E.2d 749; cf. Tiller v. Hinton (1985), 19 Ohio St.3d 66,482 N.E.2d 946.
[8] Guenther, supra, at 130, 151 N.E.2d 749.
[9] Tiller, supra, at 69, 482 N.E.2d 946.
[10] Holman v. Grandview Hosp. Med. Center (1987),37 Ohio App.3d 151, 524 N.E.2d 903, citing Republic Steel Corp. v. Bd. of Revision ofCuyahoga Cty. (1963), 175 Ohio St. 179, 192 N.E.2d 47. *Page 1