[Cite as *Wells Fargo Bank, N.A. v. Bowman*, 2012-Ohio-576.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| WELLS FARGO BANK, N.A. | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Sheila G. Farmer, J. |
| -vs- | |
| KAREN M. BOWMAN, ET AL. | Case No. 2011CA00099 |
| Defendant/Third-Party<br>Plaintiff/Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common
Pleas, Case No. 2008CV01288

JUDGMENT:     Affirmed/Reversed in Part & Remanded

DATE OF JUDGMENT:     February 13, 2012

APPEARANCES:

For Plaintiff-Appellee

DARYL GORMLEY
2450 Edison Boulevard
P.O. Box 968
Twinsburg, OH 44087

DANIEL E. CLEVENGER
Millennium Center, Suite 300
200 Market Avenue
Canton, OH 44702-4213

For Defendant-Appellant

JOHN D. MORRIS
P.O. Box 2566
1610 South Union Avenue
Alliance, OH 44601

For Ohio Bar Title Insurance Company

BRADLEY P. TOMAN
24755 Chagrin Boulevard, Suite 200
Cleveland, OH 44122

For Timothy J. Putman & Putman Properties, Inc.

ELLYN MEHENDALE
9200 South Hills Boulevard, Suite 300
Cleveland, OH 44147

*Farmer, J.*

{¶1} On August 21, 2001, appellant, Karen Bowman, purchased a home on Vassar Avenue. On September 11, 2002, a survivorship deed was filed transferring the property to appellant and her husband, Mark Bowman.

{¶2} On March 19, 2007, appellant filed an affidavit of facts with the Stark County Recorder, stating it was the parties' intention to have the deed in appellant's name only.

{¶3} On March 12, 2008, appellee, Wells Fargo Bank, N.A., filed a foreclosure action against appellant, her husband, and others not parties to this appeal. An amended complaint was filed on March 19, 2008.

{¶4} On June 24, 2008, appellant filed a third-party complaint against appellees, Timothy J. Putman and Putman Properties, Inc. and Ohio Bar Title Insurance. As against appellees Putman, appellant alleged as attorney, real estate agent, and title agent, they engaged in negligence, fraud, negligent misrepresentation, breach of contract, and breach of fiduciary duty because at the time of transfer, the subject property was encumbered by a National City Bank lien, the release of which had not been recorded, and the deed to the property incorrectly included Mark Bowman's name. As against appellee Ohio Bar Title, appellant alleged it negligently, fraudulently, and in breach of fiduciary duties issued a title policy that stated the property was transferable.

{¶5} On September 11, 2009, appellees Putman filed a motion for summary judgment. On same date, appellee Wells Fargo filed a motion for summary judgment, seeking reformation of the deed to remove Mark Bowman's name so that titled vested

with appellant only. By judgment entries filed February 5 and 8, 2010, the trial court granted the motions, respectively.

{¶6} On February 23, 2010, appellee Ohio Bar Title filed a motion for summary judgment and on July 7, 2010, appellee Wells Fargo filed a motion for summary judgment on its foreclosure action. By judgment entry filed July 30, 2010, the trial court granted appellee Ohio Bar Title's motion. On August 10, 2010, the trial court entered a foreclosure judgment in favor of appellee Wells Fargo.

{¶7} On September 9, 2011, appellant filed a motion to vacate the August 10, 2010 foreclosure judgment. By judgment entry filed February 24, 2011, the trial court granted the motion pending an appeal (App. No. 2010CA00230). The appeal was subsequently dismissed on March 28, 2010.

{¶8} On April 4, 2011, appellant filed a motion to vacate the trial court's February 5, 2010 and July 30, 2010 decisions granting summary judgment to appellees Putman and Ohio Bar Title. On April 6, 2011, the trial court once again entered a foreclosure judgment in favor of appellee Wells Fargo. By judgment entry filed April 8, 2011, the trial court denied appellant's motion to vacate.

{¶9} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶10} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING SUMMARY JUDGMENT TO THIRD-PARTY DEFENDANT PUTMAN AND THIRD-PARTY DEFENDANT, OHIO BAR TITLE."

II

{¶11} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING SUMMARY JUDGMENT TO PLAINTIFF, WELLS FARGO BANK, N.A."

III

{¶12} "PLAINTIFF WELLS FARGO BANK, N.A. WAS NOT THE REAL PARTY IN INTEREST AT THE TIME IT FILED ITS FORECLOSURE COMPLAINT."

{¶13} Pursuant to App.R. 3(C)(2), appellees Putman assign the following cross-assignment of error:

CROSS-ASSIGNMENT OF ERROR I

{¶14} "THE TRIAL COURT ERRED BY NOT ENTERING SUMMARY JUDGMENT FOR MR. PUTMAN AND PUTMAN PROPERTIES FOR THE ADDITIONAL REASON THAT MRS. BOWMAN'S THIRD-PARTY TORT CLAIMS WERE TIME-BARRED AS RECENTLY CONFIRMED BY THE OHIO SUPREME COURT'S DECISION IN *FLAGSTAR BANK, F.S.B. V. AIRLINE UNION'S MTGE. CO.,* 2011-OHIO-1961, 2011 WL 1600462 (APRIL 27, 2011)."

I

{¶15} Appellant claims the trial court erred in granting summary judgment to appellees Putman and Ohio Bar Title. Specifically, appellant claims the trial court erred in finding no privity of contract between appellant and appellees Putman and in finding no tort or breach of duty. Appellant also claims appellee Ohio Bar Title had a contractual duty pursuant to the title policy.

{¶16} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

{¶17} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."

{¶18} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35.

Appellees Putman

{¶19} The first issue is privity of contract. Appellees Putman claim there was no privity of contract between the parties as a result of their capacity as real estate agent and attorney in the purchase of the Vassar property.

{¶20} In her deposition at 56-57, appellant admitted appellee Timothy Putman was not her attorney or her realtor. Appellant had signed a "Disclosure of Agency Relationship" indicating appellee Putman Properties was representing the sellers and a "Notice and Waiver of Counsel" indicating appellee Timothy Putman was representing the sellers and not her. See, Exhibit I attached to Putmans' Motion for Summary Judgment filed September 11, 2009 and Exhibit J attached to Timothy Putman's Reply filed December 31, 2009. The trial court was clearly correct in finding no privity of

contract between the parties as a result of appellees Putman's capacity as real estate agent and attorney.

{¶21} The second issue is whether appellant has any claims against appellees Putman regarding the release of the National City Bank lien. It is undisputed that appellees Putman forwarded the payment and release of the mortgage lien to National City Bank; however, inadvertently the mortgage was not released. In her deposition at 55, appellant admitted she suffered no damages as a result of the mistake. Because there are no damages, the claim clearly cannot survive summary judgment.

{¶22} The final issue involves the title instructions. Appellant argues appellees Putman owed her a contractual duty under the title contract signed by her and the sellers. The claim arises out of the failure to follow the specific instruction to deed the property in her name alone. In support of her argument, appellant cites this court to its decision in *McKinley Title Agency, Inc. v. Cheyney,* Stark App. No. 2001CA00387, 2002-Ohio-4072, ¶18 wherein this court upheld a trial court award against a title agency who was contractually "obligated to follow the terms of the purchase contract."

{¶23} Appellees Putman argue the facts sub judice are distinguishable from *McKinley.* After reviewing the "Instruction to Closing Agent," we find the factual distinction to be of no consequence. In said document, the closing agent, appellee Timothy Putman, specifically agreed to the following:

{¶24} "CLOSING AGENT'S SIGNATURE HERETO INDICATES ITS UNDERSTANDING, ACCEPTANCE AND AGREEMENT TO FULLY COMPLY WITH ALL OF THE TERMS AND CONDITIONS AS STATED ON PAGES 1-4 OF THE CLOSING INSTRUCTIONS."

{¶25} Because both appellant and appellee Timothy Putman, individually, signed the document, it clearly created a contractual relationship between the parties.

{¶26} The trial court erred in concluding that a contractual relationship between appellant and appellee Timothy Putman did not exist. Appellee Timothy Putman argues notwithstanding the contractual relationship, appellant has failed to assert any damages. We disagree. In her deposition at 46-47, appellant discussed her inability to refinance her mortgage as a result of Mark Bowman's name on the deed. Appellant stated she stopped paying her mortgage after she was unable to refinance. Id. at 37, 40.

{¶27} Under a summary judgment standard of review, we are to construe the evidence in a light most favorable to the non-moving party. Under this standard, we find there is a claim, although not in monetary terms of damages, as a result of improperly including Mark Bowman's name on the deed.

{¶28} We reject appellant's affidavit filed in response to appellee Wells Fargo's summary judgment motion as untimely because it was filed after appellees Putman's motion for summary judgment.

{¶29} Upon review, we find the trial court erred in granting summary judgment to appellee Timothy Putman.

Appellee Ohio Bar Title

{¶30} Appellant claims the trial court erred in finding she was not a beneficiary of the Ohio Bar Title Policy.

{¶31} From a plain reading of the title policy, appellant was a named insured in the contract. Appellee Ohio Bar Title argues appellant failed to give notice of her claim

and proof of loss or damage as mandated by the Conditions and Stipulations, paragraphs 3 and 5.

{¶32} Appellant's claims against appellee Ohio Bar Title arise out of the unreleased National City Bank lien. In her deposition at 55, appellant admitted she was not damaged by the mistake. Despite any failure to comply with the provisions of the title policy, appellant's claim against appellee Ohio Bar Title fails for failure to assert damages. We note appellant's claims against Ohio Bar Title do not include a claim for the wrongful inclusion of Mark Bowman's name on the deed. In fact, the evidence presented via appellee Timothy Putman's deposition established it was a clear clerical error or misunderstanding.

{¶33} Upon review, we find the trial court did not err in granting summary judgment to appellee Ohio Bar Title.

{¶34} Assignment of Error I is granted in part as to appellee Timothy Putman.

II

{¶35} Appellant claims the trial court erred in granting appellee Wells Fargo's request to reform the deed. We disagree.

{¶36} In its judgment entry filed February 8, 2010, the trial court clarified the mistake in deeding the property to appellant and her husband contrary to her admitted specific request to deed the property in her name only. As a result of removing Mark Bowman's name from the deed, his federal tax liens against the property were eliminated.

{¶37} "Reformation is an equitable remedy that allows a court to change the language in a contract where the parties' true intentions have not been expressed due to a 'mutual mistake'-meaning a common mistake by all the parties to the

contract.***The party wishing to reform the deed must demonstrate the 'mutual mistake' by clear and convincing evidence.***Clear and convincing evidence is the degree of proof necessary 'to produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *Huber v. Knock,* Hamilton App. No. C-080071, 2008-Ohio-5900, ¶6. (Footnotes omitted.)

{¶38} Appellant argues the trial court erred in finding "***both Plaintiff and Defendant intended that the deed be in the name of Karen Bowman only" because appellees Putman originally denied that a mistake had occurred; therefore there was no mutual mistake. See, Judgment Entry filed February 8, 2010.

{¶39} It is clear from all the evidence presented that appellant's mortgagor, Option One Mortgage Loan Corporation, intended that the property be in appellant's name alone. T. Putman depo. at 40-41. As discussed supra, the closing instructions also indicated the deed was to be in appellant's name only. K. Bowman depo. at 104-105. The Ohio Bar Title instrument, as well as the title commitment, promissory note, and mortgage, identified one proposed property owner, appellant. Id. at 109-111.

{¶40} The fact that the title policy included Mark Bowman's name was an error separate and apart from everyone's understanding and instructions.

{¶41} Upon review, we find no error in the trial court's reformation of the deed and the subsequent extinguishment of the federal tax liens.

{¶42} Assignment of Error II is denied.

III

{¶43} Appellant claims appellee Wells Fargo was not the real party in interest at the time of the filing of the foreclosure complaint.

{¶44} Civ.R. 17(A) governs real party in interest and states the following:

{¶45} "Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his name as such representative without joining with him the party for whose benefit the action is brought.  When a statute of this state so provides, an action for the use or benefit of another shall be brought in the name of this state.  No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest.  Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

{¶46} We have previously visited the issue of assigned mortgages and have held that the failure to plead the assignment is not fatal to standing to sue if it is verified prior to judgment.  *Provident Bank v. Taylor,* Delaware App. No. 04CAE05042, 2005-Ohio-2573; *LaSalle Bank National Association v. Street,* Licking App. No. 08CA60, 2009-Ohio-1855; *Deutsche Bank National Trust Company v. Pagani,* Knox App. No. 09CA000013, 2009-Ohio-5665.

{¶47} In this case, Option One Mortgage Loan Corporation assigned its interest to appellee Wells Fargo on March 11, 2008 as evidenced by the assignment of mortgage attached to appellee Wells Fargo's March 31, 2011 reply brief in support of motion for summary judgment as Exhibit E.  The evidence demonstrates the assignment to appellee Wells Fargo occurred prior to the filing of the March 12, 2008 foreclosure complaint and the March 19, 2008 amended complaint.

{¶48} From these findings, we find appellee Wells Fargo fulfilled the requirements of Civ.R. 17.

{¶49} Assignment of Error III is denied.

## CROSS-ASSIGNMENT OF ERROR I

{¶50} Appellees Putman claim appellant's tort claims fail because they were time-barred under R.C. 2305.09 and R.C. 2305.11.

{¶51} As we noted in Assignment of Error I, the granting of summary judgment to appellees Putman was correct as it pertained to any tort claims. What remains are appellant's contractual claims against appellee Timothy Putman which are in writing (Instructions to Closing Agent) and well within the statute of limitations (R.C. 2305.06).

{¶52} Cross-Assignment of Error I is denied consistent with our opinion in Assignment of Error I.

{¶53} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed in part and reversed in part.

By Farmer, J.

Delaney, P.J. and

Hoffman, J. concur.

_s/ Sheila G. Farmer_____

_s/ Patricia A. Delaney_____

_s/ William B. Hoffman_____

 JUDGES

SGF/sg 119

N THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

WELLS FARGO BANK, N.A.              :
                                   :
    Plaintiff-Appellee            :
                                   :
-vs-                               :          JUDGMENT ENTRY
                                   :
KAREN M. BOWMAN, ET AL.            :
                                   :
    Defendant/Third-Party         :
    Plaintiff/Appellant           :          CASE NO. 2011CA00099


    For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed in part and reversed in part and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to be divided equally between appellant Karen Bowman and appellee Timothy Putman.


    _s/ Sheila G. Farmer_____


    _s/ Patricia A. Delaney_____


    _s/ William B. Hoffman_____

              JUDGES